IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Crim. No. 4:15-CR-0083 |
| v. | : | (Judge Brann) |
| ALAN J. FASSETT, | : | |
| Defendant. | : | |

**MEMORANDUM OPINION**

November 5, 2015

## I. BACKGROUND

On May 5, 2015, Alan J. Fassett (hereinafter "Fassett") was indicted, on grand jury recommendation, on multiple counts of various financial crimes allegedly perpetrated on a ninety-two year old victim known as "LG".[1] Fassett plead not guilty and, on September 14, 2014, filed two motions, A Motion to Dismiss the Indictment Due to Misconduct Occurring Before the Grand Jury[2] and a Motion to Dismiss under [Federal] Rule [of Criminal Procedure] 48.[3]

---

[1] The government refers to the alleged victim as LG. The Court notes that Fassett has spelled the alleged victim's first name as both Lorraine and Loraine. He has also spelled the sur name as both Gable and Gables. Throughout this opinion, the Court will refer to the victim as citing directly to the brief at issue.

[2] ECF No. 32.

[3] ECF No. 34.

Subsequently, on September 22, 2015, the government filed a superseding indictment against Fassett.[4] The superseding indictment is a twenty-four (24) count indictment charging Fassett with Wire Fraud in violation of 18 U.S.C. § 1343[5]; Engaging in Monetary Transactions in Property Derived from Specified Unlawful Activity in violation of 18 U.S.C. § 1957[6]; and Aggravated Identity Theft in violation of 18 U.S.C. § 1028A[7]. The indictment also contains a forfeiture allegation.

The Court provided the parties with the opportunity to supplement their briefs for the two aforementioned motions in light of the superseding indictment. Not only did the parties file supplemental briefing, but Fassett filed a third motion to dismiss, this time styled as a Motion to Dismiss Superseding Indictment for Vindictive Prosecution.[8]

Fassett's three motions have been fully briefed and are ripe for disposition. All three motions will be denied.

---

[4] ECF No. 39.

[5] Counts 1-16.

[6] Counts 17-23.

[7] Count 24.

[8] October 9, 2015, ECF No. 57.

## II. DISCUSSION

*1. Motion to Dismiss the Indictment Due to Misconduct Occurring Before the Grand Jury*

Fassett argues that the prosecutor acted in an "arbitrary and capricious" manner for "the failure to present evidence that the power of attorney was signed by someone other than Lorriane Gable or that the document was in fact a fraud while still implying or suggesting that it was fraudulent."[9] To support his argument, Fassett set forth the following reasoning in his motion:

> The basis for the indictment is that the Defendant possessed a fraudulent Power of Attorney not executed by the principle, Loraine Gable
>
> It is believed by the defense that the government called three witnesses at the grand jury, a Jesse Connor, Cathy Newell (defendant's sister) and Robert Fassett (Defendant's cousin) none of these witnesses were competent to establish who signed the power of attorney or that the signature was not that of Laraine Gable.
>
> Jesse Connor only met Loraine Gable on eight (8) occasions, six (6) times in the nursing home to move furniture for her and two (2)times at the Defendant's residence long before the power of attorney was signed.
>
> Cathy Newell signed the Power of Attorney as a witness but claimed to have not seen the principal sign the document. That by itself does not confirm that the principal did not sign the actual document.
>
> Robert Fassett is believed never to have met the principal.

---

[9]ECF No. 33 at 2.

> The government implied to the grand jury that the signature on the power of attorney was not that of Loraine Gable's [sic] when the government had no evidence of such a fact.
>
> The lack of evidence that Loraine Gable did not execute the power of attorney that is the subject of this case presents an issue of misconduct on the part of the government in failing to give proper evidence to the grand jury for indictment.[10]

The government points out in response that the basis for the indictment is not simply that "the defendant engaged in a scheme to defraud LG by first obtaining a [Power of Attorney] POA (either by fraud, coercion, or manipulation)," but also that he used "the POA contrary to the benefit of the principal and only to the benefit of the defendant."[11] "The government contends that however the defendant obtained the POA, he did so with an evil eye toward ultimately controlling LG's assets in order to steal them."[12] "Thus, even if the defendant is able to convince a jury that LG signed the POA, it is the unlawful use of the POA in furtherance of a scheme to defraud that forms the basis of the criminal charges."[13]

---

[10]ECF No. 21 at 1 ¶¶ 2-8.

[11]ECF No. 38 at 13.

[12]ECF No. 38 at 14.

[13]*Id.*

Moreover, the government points out it that had presented more evidence to the grand jury than what Fassett is suggesting. Specifically, the contention that LG did not sign the POA is supported by a report from the Pennsylvania State Police Bureau of Forensic Services. A report which, according to the government, it has previously provided to Fassett's counsel in discovery.[14]

The Defendant cites to *United States v. Sehnal*,[15] an unpublished case from the United States Court of Appeals for the Ninth Circuit, which discusses an "arbitrary and capricious" standard. According to the Ninth Circuit, "judical intervention into the grand jury process is justified where the [government's] prosecutorial discretion is abused to such an extent as to be arbitrary and capricious and violative of due process."[16] "Only in a flagrant case of prosecutorial misconduct, and perhaps only where knowing perjury, relating to a material matter, has been presented to the grand jury should the trial judge dismiss an otherwise valid indictment returned by an apparently unbiased grand jury."[17]

While instructive, this Court is not bound to follow the "arbitrary and

---

[14] ECF No. 38 at 13.

[15] 865 F.2d 266 (9th Cir. 1988) (not precedential) (internal citations omitted).

[16] *Id.*

[17] *Id.*

capricious" standard enunciated in *Sehnal*. The United States Court of Appeals for the Third Circuit, citing to our nation's highest court, stated "[t]he Supreme Court held in *Bank of Nova Scotia* that a district court is bound by the doctrine of "harmless error" and may not dismiss an indictment on the basis of prosecutorial misconduct before the grand jury without making a factual finding that the defendant was prejudiced by that misconduct."[18] "To find prejudice, the district court must establish that "the violation substantially influenced the grand jury's decision to indict," or ... there is "grave doubt" that the decision to indict was free from the substantial influence of such violations."[19]

In the matter at hand, the Court does not find that there was a violation on the part of the prosecutor. Fassett is taking issue with the sufficiency of the evidence (does state law require witnesses to the POA to have personally witnessed the victim sign the POA). He further argues that the POA was validly signed and that the alleged victim intended for Fassett to withdraw her money for his personal use as a gift. Fassett's arguments go to the sufficiency of the government's

---

[18] *United States v. Soberon*, 929 F.2d 935, 939 (3d Cir. 1991) *citing Bank of Nova Scotia v. United States*, 487 U.S. 250, 108 S.Ct. 2369, 101 L.Ed.2d 228 (1988).

[19] *Soberon*, 929 F.2d at 939-40, *citing Bank of Nova Scotia*, 487 U.S. at 256, 108 S.Ct. at 2374 (*quoting United States v. Mechanik*, 475 U.S. 66, 78, 106 S.Ct. 938, 945, 89 L.Ed.2d 50 (1986)).

evidence, issues to be raised at trial. These are not issues that provide the basis for a finding of prosecutorial misconduct. Fassett has not raised a single substantiated allegation of prosecutorial misconduct. Accordingly, the Court finds no prejudice. For these reasons, Fassett's motion will be denied.

2. *Motion to Dismiss under Federal Rule of Criminal Procedure 48*

Federal Rule of Criminal Procedure 48 permits the court to "dismiss an indictment, information, or complaint if unnecessary delay occurs in: (1) presenting a charge to a grand jury; (2) filing an information against a defendant; or (3) bringing a defendant to trial." Fassett acknowledges that there was no *Sixth Amendment* violation. Moreover, it appears that Fassett may have intended to withdraw the motion, as he wrote, "Defendant concedes this motion, solely because proof of willful delay by the government is unavailable."[20] Because Fassett's intent to withdraw is unclear, in the absence of a motion to this effect and for the sake of thoroughness, the Court will examine the issue on the merits.

Fassett argues that the government did not bring charges against him prior to the victim's death. Fassett also faults the government for not having deposed the victim before she died.

To set the time line, Fassett asserts that the allegations against him were

---

[20]ECF No. 53 at 2.

made in the year 2012; the government asserts, however, that a complaint was made to the Athens Borough Police Department on July 11, 2013. The POA is dated November 14, 2012. The allegedly unlawful withdrawals from the victim's accounts took place between January 2013 and July 2013. Fassett was notified on July 15, 2013 that the property he had purchased was the subject of a criminal investigation. The victim died on September 28, 2013. A search warrant was executed on Fassett's home on October 11, 2013.

"Rule 48(b) ... places a stricter requirement of speed on the prosecution, and permits dismissal of an indictment even though there has been no constitutional violation."[21] An unnecessary delay may "impair the ability of an accused to defend himself."[22] However, "[t]The delay must not be purposeful or oppressive."[23] Moreover, "the essential ingredient is orderly expedition and not mere speed."[24] "[T]he showing of a mere lapse of time is not enough to establish denial of a speedy trial...it is essential that defendant also show prejudice or that the delay was

---

[21] *Mathies v. United States*, 374 F.2d 312, 314-15 (D.C. Cir. 1967).

[22] *United States v. Ewell*, 383 U.S. 116, 120, 86 S. Ct. 773, 776, 15 L. Ed. 2d 627 (1966).

[23] *Id. citing Pollard v. United States*, 352 U.S. 354, 361, 77 S.Ct. 481, 486, 1 L.Ed.2d 393.

[24] *Id. quoting Smith v. United States*, 360 U.S. 1, 10, 79 S.Ct. 991, 997, 3 L.Ed.2d 1041 (1966).

improperly motivated."[25]

Although the death of the victim may be sufficient to show prejudice in some other case, here it does not. In this matter, the death of the victim prejudices the government to a much greater extent than it does Fassett. The absence of a victim to testify at trial is a detriment to the government's case, and it would seem, a benefit to Fassett's case.

Additionally, Fassett presented no evidence of improper delay. It is evident that the earliest that allegations could have been made against him was November 14, 2012, as that it the date that the POA was signed. The government contends that a complaint was made about Fassett on July 11, 2013. The government notified Fassett of the investigation on July 15, 2013. The victim died approximately two months later.

It does not appear that there was any particular delay on the part of the government, from the timing of the events in question. To the contrary, it seems that the government acted rather expediently. Fassett has simply presented nothing to indicate any sort of improperly motivated delay on the part of the government. Accordingly, this motion will also be denied.

---

[25] *Fleming v. United States*, 378 F.2d 502, 504 (1st Cir. 1967).

*3. Motion to Dismiss Superseding Indictment for Vindictive Prosecution*

Finally, Fassett alleges that the superseding indictment was filed because he refused to plead guilty, and points to the timing of its filing as evidence of that. "A vindictive prosecution claim arises when the government pursues prosecution in retaliation for the exercise of a protected statutory or constitutional right."[26] "To raise a reasonable doubt as to the propriety of charges added before trial, a defendant must affirmatively show through objective evidence that the prosecutorial conduct at issue was motivated by some form of prosecutorial animus, such as a personal stake in the outcome of the case or an attempt to seek self-vindication."[27] "The affirmative showing is necessary because a prosecutor's pretrial decisions, including the choice to seek increased or additional charges, are presumed valid."[28] "To obtain [an] evidentiary hearing ...[defendant] must offer sufficient evidence to raise a reasonable doubt that the government acted properly in bringing the [] charge."[29]

Fassett attempts to evince vindictive prosecution based on the timing of the

---

[26] *United States v. Falcon*, 347 F.3d 1000, 1004 (7th Cir. 2003).

[27] *Id.* (internal citations omitted).

[28] *Id.*

[29] *Id.*

superseding indictment, alleging that it was handed down "the moment the government was told that the Defendant wanted to go to trial."[30] "When the government brings additional charges before trial, but after the defendant exercises a procedural right, evidence of suspicious timing alone does not indicate prosecutorial animus."[31]

Fassett set forth no affirmative evidence of an alleged vindictive prosecution other than the timing, which, standing alone fails to demonstrate vindictiveness. "Only if a defendant can present evidence other than or in addition to timing will the burden shift to the government to come forward with proof that the motivation behind the charge was proper."[32] Without more, there is no foundation upon which the Court could find that the additional charges in the superseding indictment were filed vindictively. This motion will be denied.

## III. CONCLUSION

In sum, all three of Fassett's motions lack foundation, as manifested, at least in part, by the sparse and unpersuasive briefs from counsel.

The motions are denied for the reasons delineated above. An appropriate

---

[30] ECF No. 57-1 at 1.

[31] *Falcon*, 347 F.3d at 1005.

[32] *Id.*

Order follows.

                                              BY THE COURT:


                                              <u>s/Matthew W. Brann</u>
                                              Matthew W. Brann
                                              United States District Judge